UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT BLITZSTEIN, et al.,     §
                             §
       *Plaintiff*,        §
                             §
v.                           §     Civil Action No. 3:25-CV-2939-X
                             §
PARTS AUTHORITY, LLC,     §
                             §
       *Defendant*.       §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Robert Blitzstein's motion for remand. (Doc. 5.) After due consideration, the Court **DENIES** the motion.

Blitzstein is the former Senior Vice President of Pricing and Vendor Management for Defendant Parts Authority, LLC (Parts Authority). At the termination of his employment, Blitzstein and Parts Authority agreed to a separation agreement (the Agreement) whereby Blitzstein would receive severance payments amounting to over $1.4 million in exchange for abiding by several provisions, including a non-compete obligation for twenty-four months.

In October 2025, the parties began to dispute whether Blitzstein's subsequent activity was proscribed by the Agreement. Blitzstein filed suit in Texas state court, seeking declaratory and injunctive relief. Parts Authority removed, invoking this Court's diversity jurisdiction. Blitzstein filed the present motion seeking remand,

alleging that Parts Authority failed to establish the requisite amount in controversy.[1] The Court disagrees.

Congress granted district courts original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different States."[2]  "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[3]  In other words, "the amount in controversy is measured by the value of the object of the litigation."[4]

Where there is an indeterminate damages amount, the party invoking federal jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[5]  The Court first examines whether it is "facially apparent" that the claims exceed the jurisdictional amount.[6]  If it is not, the court "may rely on summary judgment type evidence to ascertain the amount in controversy."[7]

---

[1] Blitzstein also argued that Parts Authority failed to adequately plead its citizenship was diverse.  But Parts Authority's amended notice of remand clearly states it is an LLC with a sole partner in Delaware.  Blitzstein is a citizen of Texas.  Accordingly, the parties are diverse.

[2] 28 U.S.C. § 1332(a)–(a)(1).

[3] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998) (cleaned up).

[4] *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 479 (5th Cir. 2022) (cleaned up).

[5] *Greenberg*, 134 F.3d at 1253.

[6] *Id*.

[7] *Id*. (cleaned up).

Here, Blitzstein seeks declaratory relief against the non-compete provisions contained in the separation agreement he signed with Parts Authority. He claims no monetary damages. Nor is the non-compete provisions' monetary value immediately apparent from the face of the complaint. So the Court looks to summary judgment-type evidence here, namely the Agreement's text.

Parts Authority's agreement with Blitzstein includes extensive non-competition obligations for twenty-four months. In exchange for abiding by those terms for that period, Blitzstein is to receive payments that aggregate well in excess of the $75,000 amount in controversy requirement.

So Parts Authority values the non-compete terms sufficient to pay Blitzstein far more than the $75,000 amount in controversy requirement. The amount in controversy is satisfied and removal was proper.

The Court also acknowledges the cross-allegations of bad faith. The Court will not consider such allegations absent a separate motion.

Accordingly, the Court **DENIES** the motion.

**IT IS SO ORDERED** this 21st day of November, 2025.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE