UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BLITZSTEIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2939-X |
| | § | |
| PARTS AUTHORITY, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court is Defendant Parts Authority, LLC's motion to stay the case and compel arbitration.  (Doc. 20.)  The Court **GRANTS IN PART** and **DENIES IN PART** the motion.

Robert Blitzstein is the former Senior Vice President of Pricing and Vendor Management for Defendant Parts Authority, LLC (Parts Authority).  At the termination of his employment, Blitzstein and Parts Authority agreed to a separation agreement (the Agreement) whereby Blitzstein would receive severance payments amounting to over $1.4 million in exchange for abiding by several provisions, including a non-compete obligation for twenty-four months.

In October 2025, the parties began to dispute whether the Agreement prohibits Blitzstein's subsequent activity.  Blitzstein filed suit in Texas state court, seeking declaratory and temporary injunctive relief.  Parts Authority removed the case to federal court, invoking this Court's diversity jurisdiction.

Parts Authority seeks to enforce Section 11(j) of the Agreement which states:

1

"All disputes, controversies and/or claims relating to this Agreement shall be resolved through final and binding confidential arbitration."[1]    This case centers on the meaning of the Agreement.  So this is an easy grant.

Accordingly, the Court **GRANTS** the motion.  That said the Court **DENIES** the stay and **ORDERS** the parties to file a status report with the Court every six (6) months.[2]

**IT IS SO ORDERED** this 7th day of April, 2026.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] Doc. 20 at 2.

[2] Notwithstanding this order, the Court notes that there was a pending motion for a temporary restraining order before the state court—that was not refiled in this Court.  The Agreement contemplates a competent court providing such a remedy "in aid of arbitration."  *See* Doc. 20 at 2 ("Notwithstanding this agreement to arbitrate, the Executive and the Company agree that either Party may seek provisional remedies such as a temporary restraining order or a preliminary injunction from a court of competent jurisdiction in aid of arbitration.").  This Court stands ready to consider such application should it be "in aid of arbitration."